## Louis Barthelemy Macarty *v.* Desiré Lepaullard and another.

It appeared from a copy of a lease offered in evidence, that changes had been made in the original instrument, which were indicated in the margin, but not signed by the parties. *Held,* that until all parties had approved of the proposed changes, the contract was not valid, and consequently inadmissible.

Appeal from the City Court of New Orleans, *Duvigneaud,* J.

*Deslix,* for the appellants.

---

## Louis Barthelemy Macarty *v.* Desiré Lepaullard and another.

On a rule to show cause, why a writ of provisional seizure should not be set aside, evidence will be inadmissible to establish facts, alleged as grounds for the rule, which belong to the merits of the case, or relate to the truth of the affidavit, which no law authorizes the defendants to disprove.

Two appeals were brought up by the defendants in this case; the one taken from an interlocutory order, and the other from the final judgment of the Parish Court of New Orleans, *Maurian*, J.

*Bodin*, for the plaintiff.

*Deslix*, for the appellants.

BULLARD, J. These two appeals from the Parish Court, together with one from the City Court, between the same parties, just disposed of, *ante* p. 425, were argued together by consent. They grow out of the same transaction, to wit, a lease, or rather a promise of a lease for a term of years, of the Conté Street Hotel. The proceedings in the Parish Court, commenced with a provisional seizure, and this appeal is from an interlocutory judgment, by which the court refused to set aside the seizure. The case proceeded upon its merits, notwithstanding the appeal upon the interlocutory order; it was tried by a jury, whose verdict was for the plaintiff for the rent claimed, and against the demand in reconvention; and the defendants have again appealed.

After the provisional seizure had been issued, the defendants took a rule on the plaintiff, to show cause why it should not be set aside: 1st. Because it was made without any lawful or useful object, and for the purpose of vexing the defendants. 2d. Because the facts set forth in the affidavit are not true, and the plaintiff had no cause to fear that the defendants would remove the furniture and property, or prevent the plaintiff from exercising any right he might have. 3d. Because it is not true that the defendants have entered into any lease with the plaintiff. 4th. Because the proceedings of the plaintiff, are vexatious and malicious, without previous amicable demand, and with a full knowledge that the defendants had an offset against the claim for rent, more than sufficient to extinguish and pay the rent claimed. 5th. Because the proceedings are otherwise informal and irregular.

This motion was overruled by the court; and on the trial of the rule, a bill of exceptions was taken to the refusal of the court to hear any evidence in support of the grounds set forth. This evidence was refused, it appears, because offered for the purpose of supporting the grounds of the rule, some of which belonged to the merits of the case, and others related to the verity of the allegations in the oath, which no law authorizes the defendants to dis_

prove. We are not satisfied that the judge erred. There was nothing very explicit or precise in the grounds assumed ; and it is difficult to separate the grounds, for setting aside the provisional seizure, from the general merits of the defence to the action.

An answer having been filed to the merits, the cause was submitted to a jury ; and it only remains to inquire what was the issue to be tried, and whether there is error in the verdict and judgment.

The answer of the defendants denies that they owe the plaintiff any thing. They aver, that so far from owing any thing, he is indebted to them $20,000, for damages. That the defendants, having agreed to rent the Conté Street Hotel, for five years from the 1st of November, 1840, at an annual rent of $4500, the plaintiff promised to deliver the hotel in good order, together with certain articles of furniture specified in an inventory, and in the meantime authorized the defendants to take possession and make the necessary preparations, the plaintiff promising to make them a lease for five years, on their giving Letermelier as surety for the rent. That in consequence of the premises, they began in October, 1840, to fit up the house, and laid out $10,000 ; yet Macarty had failed and neglected to comply with his promises : 1st. by not delivering the articles comprised in the inventory ; 2d, by not making repairs which he was bound to do ; 3d, by not executing a lease as he had promised, they, having been compelled to bring suit against him, to force him to execute said lease. They admit that they ultimately consented to accept a lease for three years instead of five, and that it was executed accordingly. They therefore pray that Macarty may be condemned in reconvention to pay eight hundred and eighty-seven dollars and eighteen cents, the amount of necessary repairs made by them to the hotel ; one thousand dollars for his refusal to furnish the articles specified in the inventory, and the further sum of eight thousand dollars damages, resulting from the neglect and refusal of Macarty, or his agent, to execute the lease.

The verdict was in favor of the plaintiff for the amount of rent due, and no damages were awarded to the defendants.

Several bills of exception were taken during the progress of the trial, which it becomes our duty to examine. By the first it

appears that the defendants offered to prove that certain articles to be furnished by the plaintiff, and which were missing, were worth $1000; but the court very properly ruled that their value was immaterial in the cause.

The next bill relates to the *paraphing* of certain changes in the lease, by the defendants. All that inquiry became, in our opinion, useless, by the admission of the defendants, that they had consented to the modification of the lease, and that Macarty had signed it accordingly. It was quite immaterial, in this case, whether the lease was for five, or three years, the monthly rent was the same.

Another bill of exceptions shows that the defendants offered to prove by witnesses, that the premises rented were not in good order at the time of the alleged lease, and that repairs were made of the value of $887 18. This was objected to by the plaintiff, on the ground that it is not demanded in the pleadings, nor under the contract, and that such proof cannot be made under articles 2689, and 2690 of the Civil Code. The evidence was properly excluded. It is true, that the two articles relied on relate to the obligation of the lessee at the expiration of the lease; but the account of repairs, annexed to the answer, does not show that they were of such a character as to be at the charge of the lessor.

The case submitted to the jury lay within very narrow limits, and the court and jury seem to have properly appreciated the pretensions of the parties.

*Judgment affirmed.*